Argued and submitted January 31, complaint dismissed July 9, 1985

# In re Complaint as to the Conduct of
# NICHOLAS A. DRAKULICH,
*Accused.*

## (SC 29058)

702 P2d 1097

Richard A. Carlson, Portland, argued the cause and filed the brief for accused.

Patric J. Doherty, Portland, argued the cause for Oregon State Bar. With him on the brief were Dennis R. VavRosky and Rankin, McMurry, VavRosky & Doherty, Portland.

Before Peterson, Chief Justice, Lent, Linde, Campbell, Roberts & Carson, Justices.

PER CURIAM

Peterson, C. J., dissented and filed an opinion.

Lent, J., dissented and filed an opinion.

## PER CURIAM

This attorney discipline case presents the same issue decided this date in *In re Chase,* 299 Or 391, 702 P2d 1082 (1985), that is, whether the conviction of the attempted possession of a controlled substance (cocaine) is a misdemeanor involving moral turpitude. The Disciplinary Review Board in *Chase* concluded that the conviction was for a crime involving moral turpitude but in this case the Disciplinary Review Board concluded that it was not.

■   It is not necessary to set out the facts of this case because, as we decided in *Chase,* the facts and circumstances of an individual case are not significant in determining whether a crime involves moral turpitude under ORS 9.527(2). We look only to the record of the conviction.

■   For the reasons stated in *Chase,* we hold that the accused's conviction of attempted possession of a controlled substance is not a crime involving moral turpitude.

Complaint dismissed.

**PETERSON, C. J.,** dissenting.

I dissent for the reasons stated in my dissenting opinion in *In re Chase,* 299 Or 391, 702 P2d 1082 (1985).

**LENT, J.,** dissenting.

The accused was charged with possession of cocaine after security officers at Multnomah Kennel Club observed the accused in the parking lot apparently "snorting" a substance later identified as cocaine. Apparently as the result of plea bargaining, the accused was allowed to plead guilty to attempted possession of cocaine. The charade is transparent.

I dissent for the same reasons (other than those concerned with veracity) that I have dissented in *In re Chase,* 299 Or 391, 702 P2d 1082 (1985).